**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

LARRY BRADFORD,

      Plaintiff,

v.

CITY OF BATTLE CREEK, VERONICA GRANADOS,
TODD ELLIOTT, and CRAIG KIDNEY,
in their individual and official capacities,

      Defendants,

CASE NO:
HON:

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>KRYSTINA R. DOSS (P77365)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>shawn.cabot@cjtrainor.com<br>krystina.doss@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTIN ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, **LARRY BRADFORD,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1.    Plaintiff is a resident of the City of Coldwater, County of Branch, State of Michigan.

2.    Defendant City of Battle Creek is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

1

3. Defendant Veronica Granados is and/or was a police officer employed by the Battle Creek Police Department and was acting under color of law, in her individual and official capacity, and within the course and scope of her employment at all times mentioned herein.

4. Defendant Todd Elliott is and/or was a police officer employed by the Battle Creek Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

5. Defendant Craig Kidney is and/or was a police officer employed by the Battle Creek Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

6. All relevant events giving rise to this lawsuit occurred in the City of Battle Creek, County of Calhoun, State of Michigan.

7. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution; and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11.     On June 1, 2020, at approximately 6:00 p.m., Plaintiff had pulled over to the side of the road.

12.     Defendant Granados was the first police officer to arrive at the scene, followed by Defendant Elliott.

13.     Defendant Granados proceeded to ask Plaintiff various questions which he answered.

14.     Defendant Granados also conducted a pat-down of Plaintiff which did not reveal anything dangerous.

15.     While Defendant Elliott was present, Defendant Granados then proceeded to conduct an eye movement test, to which Plaintiff fully complied.

16.     Plaintiff then sat on the curb without incident until Defendant Kidney arrived on scene.

17.     While in the presence of Defendants Granados, Elliott, and Kidney, Defendant Granados initiated a series of field sobriety tests as did Defendant Kidney; and again, Plaintiff complied with the requests and also advised Defendants of a prior knee injury and related surgery.

18.     Without advising Plaintiff that he was under arrest, Defendant Granados then told Plaintiff to put his hands behind his back while also grabbing them to put them behind Plaintiff's back.

19.     While Defendant Granados still had hold of Plaintiff, Defendant Kidney grabbed Plaintiff by the neck; and then Defendants Granados, Kidney, and Elliott took Plaintiff violently to the ground.

20.     Once on the ground, Defendants Granados, Elliott and Kidney forcefully and unnecessarily pined Plaintiff to the ground.

21.     Defendant Granados forcefully got on Plaintiff's legs and/or lower back area while Defendant Elliot also forced his weight onto Plaintiff's body/head, forcing it into the ground.

22.     Despite Plaintiff being pinned to the ground with the weight of the Defendant officers, Defendant Kidney continued to shove Plaintiff's head into the ground with all of his weight while Plaintiff screamed that he could not breathe.

23.     Defendant Kidney then tazed Plaintiff for no justifiable reason.

24.     Defendant Kidney repeatedly shoved Plaintiff's head into the ground causing Plaintiff to be unable to breathe.

25.     Defendant Granados then stepped on Plaintiff's leg and put her weight on same for no justifiable reason whatsoever despite the fact that Plaintiff was already handcuffed; and then Defendant Granados proceeded to forcefully and unnecessarily bend Plaintiff's legs.

26.     As all three (3) individually-named Defendants forced Plaintiff to walk to the patrol vehicle, they made absolutely no accommodations for Plaintiff's injuries, thereby forcing Plaintiff to walk on his injured leg.

27.     Plaintiff was then taken to the hospital and despite Plaintiff's leg being severely injured and doctors ordering that he not bear weight on it, Defendants Kidney and Granados forced Plaintiff to walk out to the police car where he was eventually transported to the Calhoun County Jail.

28.     As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C § 1983 EXCESSIVE FORCE

29.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. That Defendants were at all relevant times acting under color of law, in their individual and official capacities, and acting within the course and scope of their employment at all times set forth herein.

31. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of his clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, the right to be free from unreasonable searches and seizures, and the right to be free from excessive force.

32. The Defendants violated Plaintiff's clearly established and federally protected rights by using excessive force against Plaintiff.

33. That Defendants' acts were at all times intentional, objectively unreasonable, unnecessary, excessive, reckless, and/or grossly negligent and otherwise in violation of Plaintiff's clearly established rights under the United States Constitution.

34. As a result of Defendants' violations/deprivations of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## <u>COUNT II</u>
## <u>DEFENDANT CITY OF BATTLE CREEK'S CONSTITUTIONAL VIOLATIONS</u>

35. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

36. Defendant City of Battle Creek acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

37. That these customs, policies, and/or practices included but were not limited to the following:

    a. Failing to train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise its police officers regarding the proper use of force;

    c. Failing to supervise, review, and/or discipline police its police officers whom the City of Battle Creek knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in unlawful conduct;

    d. Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens; and

    e. Having a custom, policy, and/or practice of falsely arresting and/or unlawfully detaining citizens.

38. Defendant City of Battle Creek's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

39. Defendant City of Battle Creek's deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

40. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                Respectfully Submitted,
                CHRISTOPHER TRAINOR & ASSOCIATES

                **/s/ Shawn C. Cabot**
                CHRISTOPHER J. TRAINOR (P42449)
                SHAWN C. CABOT (P64021)
                KRYSTINA R. DOSS (P77365)
                Attorneys for Plaintiff
                9750 Highland Road
                White Lake, MI  48386
                (248) 886-8650
                shawn.cabot@cjtrainor.com
                krystina.doss@cjtrainor.com

Dated:  February 8, 2022
KRD/scc

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

LARRY BRADFORD,

    Plaintiff,

v.                                      CASE NO:
                                          HON:

CITY OF BATTLE CREEK, VERONICA GRANADOS,
TODD ELLIOTT, and CRAIG KIDNEY,
in their individual and official capacities.

    Defendants,

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>KRYSTINA R. DOSS (P77365)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>shawn.cabot@cjtrainor.com<br>krystina.doss@cjtrainor.com | |

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                              Respectfully Submitted,
                              CHRISTOPHER TRAINOR & ASSOCIATES

                              **/s/ Shawn C. Cabot**
                              CHRISTOPHER J. TRAINOR (P42449)
                              SHAWN C. CABOT (P64021)
                              KRYSTINA R. DOSS (P77365)
                              Attorneys for Plaintiff
                              9750 Highland Road
                              White Lake, MI  48386
                              (248) 886-8650
                              shawn.cabot@cjtrainor.com
                              krystina.doss@cjtrainor.com

Dated:  February 8, 2022
KRD/scc